UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KYLE HAMILTON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 4:14-CV-1020 CAS |
| v. | ) | |
| | ) | |
| CITY OF ST. CHARLES, MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the file. Plaintiff commenced this action on June 3, 2014, naming the City of St. Charles, Missouri, John Doe, and Jane Doe as defendants. A review of the Court file shows that only the City of St. Charles, Missouri was served and has entered an appearance in this matter.

In general, it is impermissible to name fictitious parties as defendants. Phelps v. U.S. Federal Government, 15 F.3d 735 (8th Cir.), cert. denied, 511 U.S. 1114 (1994). "[A]n action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995) (quoting Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985)). "If discovery identifies other persons who should be named as defendants, it will be simple enough for plaintiff to add them by amendment, after properly securing leave of court." Id. In such a case, rather then dismissing a claim, a court should order the disclosure of the fictitious party's identity by other defendants named and served, or permit the plaintiff to identify the person through discovery. Munz, 758 F.2d at 1257.

In this case, the complaint asserts claims against two unnamed police officers of the City of St. Charles Police Department in their individual capacities. The complaint describes an encounter plaintiff had with the two officers on or about August 16, 2013. Plaintiff alleges that the two officers took his mobile device and deleted a video he had filmed of the two officers interacting with a young woman. Plaintiff alleges in his complaint that the two officers regularly patrol a particular area of St. Charles, and that while he recognizes the two officers, he does not know their names.

The Court concludes that the complaint's allegations against the two police officers are specific enough to permit their identity to be ascertained after reasonable discovery. Therefore, the Court will permit plaintiff to attempt to identify these two officers through discovery rather than dismissing the claims against the two officers at this time. After ascertaining the identity of the two unknown defendants through discovery, plaintiff should promptly seek leave of Court to amend his complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Kyle Hamilton shall promptly ascertain through appropriate discovery requests the identity of the John Doe and Jane Doe defendants, see Fed. R. Civ. P. 26(d)(1); Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995) (quoting Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985)); and file proof of service upon these defendants within forty-five (45) days of the date of this Order. Defendant City of St. Charles, Missouri shall cooperate with plaintiff in the discovery process. Upon learning the identity of the John Doe and Jane Doe defendants, plaintiff shall promptly seek leave of Court to amend his complaint to properly identify these two defendants.

**Failure to comply timely with this Memorandum and Order will result in dismissal without prejudice of plaintiff's claims against any unserved defendants**.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   23rd   day of September, 2014.